IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-31048
Summary Calendar
_____

KIMBLE DAMON TRAHAN,

                                        Petitioner-Appellant,

versus

BURL CAIN, Warden,
Louisiana State Penitentiary,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CV-896
- - - - - - - - - -

April 6, 1999

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

     Kimble Damon Trahan, Louisiana state prisoner # 119363,
requests the issuance of a certificate of appealability (COA) to
appeal from the district court's dismissal of his 28 U.S.C.
§ 2254 petition.  Trahan argues that he received ineffective
assistance of counsel because his attorney failed to make
mitigating factors known to the sentencing judge, failed to
advise him of the essential elements of the offense, failed to

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

render advice conducive to an informed and intelligent plea, failed to pursue or investigate Trahan's assertion that he was not of sound mind at the time of the offense, refused to present Trahan's prior psychological history, allowed him to enter a plea of guilty when his competence was very much in question, failed to adequately investigate and prepare for trial, and induced him to plead guilty by advising him that he would receive concurrent twenty-one year sentences.

Except for a brief reference to the absence of mitigating circumstances, the district court did not address the grounds of ineffective assistance of counsel raised by Trahan in his habeas petition. Accordingly, Trahan's request for a COA is GRANTED as to his claims of ineffective assistance of counsel, the judgment of the district court is VACATED, and the case is REMANDED to give the district court an opportunity to address Trahan's claims of ineffective assistance of counsel. Trahan's claims that the state trial judge failed to inform him of the elements of the offense charged, that he had insufficient mental capacity to possess the requisite intent for the commission of the offense, that his sentence was excessive, and that his convictions violated the prohibition against double jeopardy were not considered by the court because Trahan failed to request the issuance of a COA on these issues in the district court. See Muniz v. Johnson, 114 F.3d 43, 45 (5th Cir. 1997).

COA GRANTED; VACATED and REMANDED.